## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:23-CV-00016-HBB

**CHASTITY M.**[1]                                                                                                             **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                                     **DEFENDANT**

## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court is the Complaint (DN 1) of Chastity M. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 12) and Defendant (DN 15) have filed a brief. Plaintiff did not file a reply. For the reasons that follow, the Court **AFFIRMS** the final decision of the Commissioner, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered April 5, 2023 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

On September 1, 2020, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 13, 441-43, 444-45, 446-52, 459-62, 463-66).

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

Plaintiff alleged that she became disabled on September 3, 2017, as a result of fractures in back; bulging disc in neck; ruptured disc in neck; hypothyroidism; Graves Disease; depression; anxiety; panic attacks; possible Post Traumatic Stress Disorder ("PTSD"); and hypertension (Tr. 13, 281, 298, 320, 327). Plaintiff subsequently amended the alleged onset date of disability to September 23, 2020 (Tr. 497-98). The application was denied initially on November 22, 2020, and upon reconsideration on March 15, 2021 (Tr. 13, 314, 316, 318, 319).[2] On April 19, 2021, Plaintiff filed a written request for hearing (Tr. 369-70).

On November 17, 2021, Administrative Law Judge Jim Beeby ("ALJ") conducted a telephonic hearing due to the extraordinary circumstances presented by the COVID-19 pandemic (Tr. 13, 233-34). Plaintiff and her counsel, Richard Burchett, participated telephonically (Id.). Jane Colvin-Roberson, an impartial vocational expert, also participated and testified telephonically (Id.).

In a decision dated December 1, 2021, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 13-24). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 23, 2020, the amended alleged onset date (Tr. 16). At the second step, the ALJ determined that Plaintiff has the following severe impairments: cervical, thoracic, and lumbar degenerative disc disease, fibromyalgia, and chronic obstructive pulmonary disease (Tr. 17). The ALJ also determined that Plaintiff has the following non-severe impairments: hypothyroidism/Graves Disease, hypertension, hypocalcemia, headaches, bronchitis, glossodynia,

---

[2] The ALJ indicates the applications were denied initially on November 23, 2020, and upon reconsideration on March 16, 2021 (Tr. 13). As the Disability Determination and Transmittal forms indicate the applications were denied initially on November 22, 2020 (Tr. 314, 316), and upon reconsideration on March 15, 2021 (Tr. 318, 319), the undersigned has used those dates.

restless leg syndrome, hypersomnia, leukocytosis, neuropathy, major depressive disorder, generalized anxiety disorder, and PTSD (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 18).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following additional limitations: she can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; with normal breaks in an eight-hour day, she can sit for six hours, and stand and walk for four hours; she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; she can occasionally balance, stoop, kneel, crouch, and crawl; she can frequently reach overhead, outward, and side to side bilaterally; she can frequently handle, finger, and feel bilaterally; she can tolerate occasional exposure to extreme temperatures, wetness and vibrations; she can tolerate occasional, concentrated exposure to atmospheric conditions as defined in the Selected Characteristics of Occupations of the Dictionary of Occupational Titles; and she should avoid all exposure to dangerous hazards, such as unprotected heights, and dangerous moving machinery (Tr. 19).

The ALJ determined that Plaintiff is capable of performing her past relevant work as a customer service representative, dispatcher, and credit and loan collection manager because this work does not require the performance of work-related activities precluded by Plaintiff's RFC (Tr. 22). Additionally, the ALJ considered Plaintiff's RFC, age, education, past work experience, the testimony from the vocational expert, and concluded that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 22-24). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act,

from September 23, 2020 through the date of the decision, December 1, 2021 (Tr. 24). Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 436-40). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

CONCLUSIONS OF LAW

A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996).

B. The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

C.  Plaintiff's Challenges to the ALJ's Decision.

1.  *The ALJ's Assessment of Her Mental Impairments.*

Plaintiff argues that the ALJ's evaluation of the severity of her mental impairments did not comport with the requirements in 20 C.F.R. §§ 404.1520a and 416.920a (DN 12 PageID # 2345-50). More specifically, Plaintiff explains that the ALJ failed to conduct a thorough evaluation of her symptoms, signs, and laboratory findings in determining whether Plaintiff has medically determinable mental impairments (Id. at PageID # 2346) (citing 20 C.F.R. §§ 404.1520a(b), 416.920a(b)). Additionally, Plaintiff asserts that the ALJ did not fully comply with the regulatory requirements by providing a thorough explanation concerning how he rated the degree of functional limitation at steps two and four (Id. at PageID # 2346-50) (citing 20 C.F.R. §§ 404.1520a(c)-(d), 416.920a(c)-(d)).

In response, Defendant contends that the ALJ sufficiently evaluated Plaintiff's non-severe mental impairments (DN 15 PageID # 2361-67). Further, Defendant asserts that the ALJ conducted a thorough evaluation of the evidence in connection with the determinations about the mental impairments (Id.).

At step two, the ALJ announced that Plaintiff's "medically determinable mental impairments of major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore non-severe" (Tr. 17). The ALJ explained that in making this finding, he considered the four broad functional areas of mental functioning, known as the paragraph "B" criteria, that are set out in the disability regulations for evaluating mental disorders in the Listing of Impairments (Id.) (citing 20 C.F.R.,

Pt. 404, Subpt. P, Appendix 1).³  The ALJ then provided the following comprehensive analysis:

> The first functional area is understanding, remembering, or applying information. In this area, the claimant has a mild limitation. In a function report completed in February 2021, the claimant reported that her conditions affect her memory, ability to understand, and ability to follow instructions. However, she also reported that she can prepare her own meals, such as sandwiches and frozen dinners; she can do easy household cleaning; she can go out alone; she can drive a car; she can shop in stores, by phone, and by computer; and she can count change (Exhibit B17E). Additionally, mental status examinations in mental health records generally note evidence of intact memory and normal thought processes and content (Exhibits B16F, B24F, B28F, B31F, and B38F). Accordingly, I find no more than a mild limitation in understanding, remembering, or applying information.
>
> The next functional area is interacting with others. In this area, the claimant has a mild limitation. In a function report completed in February 2021, the claimant reported that her conditions affect her ability to get along with others. However, she also reported that she can shop in stores (Exhibit B17E). Additionally, the record does not show difficulty getting along with medical providers or staff. As well, mental health records note reports of social withdrawal and varying moods. Mental status examinations in such records also at times note evidence of a depressed and anxious

---

3  The paragraph "B" criteria are: "1. *Understand, remember, or apply information (paragraph B1)*"; "2. *Interact with others (paragraph B2)*"; "3. *Concentrate, persist, or maintain pace (paragraph B3)*"; and "4. *Adapt or manage oneself (paragraph B4)*". 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E1-4. These four areas of mental functioning are evaluated on the following five-point rating scale:

> a. *No limitation (or none)*. You are able to function in this area independently, appropriately, effectively, and on a sustained basis.
>
> b. *Mild limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.
>
> c. *Moderate limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.
>
> d. *Marked limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.
>
> e. *Extreme limitation*. You are not able to function in this area independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2a-e.

mood, but also note that the claimant is cooperative (Exhibits B16F, B24F, B28F, B31F, and B38F). Furthermore, I note that records in August 2021 note that the claimant took a trip to Nashville to eat and shop (Exhibit B31F), and she reported going camping (Exhibit B38F). Accordingly, I find no greater than a mild limitation in interacting with others.

The third functional area is concentrating, persisting, or maintaining pace. In this area, the claimant has a mild limitation. In a function report completed in February 2021, the claimant reported that her conditions affect her ability to complete tasks and ability to concentrate. However, she also reported that she can prepare her own meals, such as sandwiches and frozen dinners; she can do easy household cleaning; she can go out alone; she can drive a car; she can shop in stores, by phone, and by computer; and she can count change (Exhibit B17E). Additionally, mental health records note reports of trouble concentrating. However, mental status examinations in such records generally note that the claimant is alert and oriented (Exhibits B16F, B24F, B28F, B31F, and B38F). Accordingly, I find no greater than a mild limitation in concentrating, persisting, or maintaining pace.

The fourth functional area is adapting or managing oneself. In this area, the claimant has a mild limitation. In a function report completed in February 2021, the claimant reported that she does not like change and she cannot handle any stress whatsoever. She also reported some difficulties with tending to her personal care, but she did not indicate that she is unable to perform such tasks independently. She further reported that she can prepare her own meals, such as sandwiches and frozen dinners; she can do easy household cleaning; she can go out alone; she can drive a car; she can shop in stores, by phone, and by computer; and she can count change (Exhibit B17E). I also note that mental health records note reports of stress. However, mental status examinations generally note fair to good insight and judgment (Exhibits B16F, B24F, B28F, B31F, and B38F). Furthermore, I note that records in August 2021 note that the claimant took a trip to Nashville to eat and shop (Exhibit B31F), and she reported going camping (Exhibit B38F). Accordingly, I find no greater than a mild limitation in adapting or managing oneself.

(Tr. 17-18). Thus, contrary to Plaintiff's contention, the ALJ's analysis demonstrates that he conducted a thorough evaluation of Plaintiff's symptoms, signs, and laboratory findings in

determining whether Plaintiff has medically determinable mental impairments. *See* 20 C.F.R. §§ 404.1520a(b), 416.920a(b). Furthermore, the ALJ provided a thorough explanation why he found no more than a mild limitation in each of the four areas of mental functioning (citing 20 C.F.R. §§ 404.1520a(c)-(d), 416.920a(c)-(d)).

Next, the ALJ explained because Plaintiff's medically determinable mental impairments caused no more than a mild limitation in any of the functional areas and the evidence did not otherwise indicate that there is more than a minimal limitation in the Plaintiff's ability to do basic work activities, her three medically determinable mental impairments are non-severe (Tr. 18) (citing 20 CFR 404.1520a(d)(1), 416.920a(d)(1)). The ALJ then differentiated the above functional limitations from the mental RFC assessment, used at steps four and five, which requires a more detailed assessment (Id.). The ALJ indicated that the following RFC assessment "reflects the degree of limitation I have found in the 'paragraph B' mental function analysis" (Id.).

In connection with his RFC determination in Finding No. 5, the ALJ considered the opinions of the State agency psychological consultants, Mary K. Thompson, Ph.D. and Tonya Gonzalez, Psy.D., who assessed no greater than mild limitations in all four areas of mental functioning (Tr. 21) (citing Tr. 280-96, 297-313, 320-26, 327-33). The ALJ commented:

> Their opinions are persuasive, as the claimant's overall treatment history and mental status findings of record support no greater than mild limitations. For example, mental status examinations generally note that the claimant is alert, oriented, and cooperative with intact memory, normal thought content and processes, and fair to good insight and judgment (Exhibits B16F, B24F, B28F, B31F, and B38F).

(Id.) (citing Tr. 1656-1716, 1780-1823, 1928-72, 2000-12, 2238-67).[4] Notably, district court

---

[4] The ALJ's discussion indicates that he considered subsequently received Exhibits B28F, B31F, and B38F, when he assessed the persuasiveness of the opinions rendered by Drs. Thompson and Gonzalez (Tr. 21).

holdings within the Sixth Circuit are consistent with the ALJ's finding that a no greater than a mild limitation in each of the four areas of mental functioning does not require the inclusion of any mental limitations in the RFC. See Little v. Comm'r of Soc. Sec., No. 2:14-cv-532, 2015 WL 5000253, at *13-14 (S.D. Ohio Aug. 24, 2015) (finding no error where the ALJ did not include RFC limitations to address findings of mild mental limitations); Caudill v. Comm'r of Soc. Sec., No. 2:16-CV-818, 2017 WL 3587217, at *5 (S.D. Ohio Aug. 21, 2017) (finding that mental impairments which cause no more than mild limitation in three of the functional areas and no limitation in the fourth functional area supplies substantial evidence supporting ALJ's decision not to include mental limitations in plaintiff's RFC); Walker v. Astrue, No. 3:11-cv-142, 2012 WL 3187862, at *5-6 (S.D. Ohio Aug. 3, 2012) (finding substantial evidence supported the ALJ's determination that plaintiff's mental impairments were mild enough not to warrant specific RFC limitations). For the above reasons, Plaintiff is not entitled to relief on her challenge to the ALJ's findings concerning her mental impairments.

    *2. The ALJ's Failure to Assess Certain Physical Impairments.*

Plaintiff argues the ALJ failed to assess whether her polyarthralgia and sacroiliitis are medically determinable impairments that are "severe" within the meaning of 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii) (DN 12 PageID # 2350-51). In response, Defendant points out that where, as here, the ALJ finds at least one severe impairment and proceeds through the sequential analysis beyond step two, the failure to find that certain alleged impairments, standing alone, are severe, is not reversible error (Id.).

According to the regulations, upon determining that a claimant has at least one severe impairment, the Administrative Law Judge must continue with the remaining steps in the disability

evaluation outlined above. *See* Maziarz v. Sec'y of Health & Hum. Servs., 837 F.2d 240, 244 (6th Cir. 1987). Here, the ALJ found that Plaintiff suffered from the following severe physical impairments: cervical, thoracic, and lumbar degenerative disc disease, fibromyalgia, and chronic obstructive pulmonary disease (Tr. 17). Further, in making the physical RFC findings, the ALJ considered the evidence in the record concerning Plaintiff's alleged impairments and the limitations purportedly caused by those impairments, including the medical opinions of the State agency medical consultants (Tr. 19-21). The ALJ's failure to find Plaintiff's polyarthralgia and sacroiliitis are medically determinable severe impairments could not constitute reversible error because the ALJ considered the limitations imposed by both the medically determinable severe and non-severe impairments when crafting the RFC. Id. In sum, Plaintiff is not entitled to relief on this claim.

   *3. Findings Nos. 6 and 7.*

Plaintiff contends that Finding Nos. 6 and 7 are not supported by substantial evidence for the reasons set forth above (DN 12 PageID # 2352). As there is no merit to Plaintiff's preceding claims, she is not entitled to relief on these two claims.

Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if

the ALJ followed the applicable law.  Id.  After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief with regard to her challenge.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

January 8, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:		Counsel